OPINION OF THE COURT
Michael J. Dontzin, J.
Gold Depository Unlimited of America, the petitioner herein, has brought this proceeding to quash a subpoena duces tecum served upon it by the Attorney-General commanding it to testify and produce its records and papers.
The Attorney-General is investigating the activities of Gold Depository and one Jack Coleman also known as Muhamed Bulal who is also under subpoena. The record reveals that Gold Depository has held itself out to be a New York corporation and that Mr. Coleman has variously been described as its president or treasurer on various corporate bank account applications and in other dealings.
Petitioner seeks to quash the subpoena on the ground that Gold Depository is not and never was a duly organized corporation and that the books and papers subpoenaed from it are in fact the personal papers of Mr. Coleman protected by his Fifth Amendment privilege against self incrimination.
*993 The papers submitted on this motion demonstrate that Gold Depository is not a corporate entity. However, as noted, petitioner has held itself out to the general public as a corporation and it cannot now be allowed to hide behind its deception. It is therefore estopped from denying the existence and viability of its corporate entity for the purpose of defeating this subpoena. (See United States v Theodore, 479 F2d 749.)
It is well settled that a corporation itself has no constitutional privilege against self incrimination. (See Essgee Co. v United States, 262 US 151.) Thus, whatever Fifth Amendment privilege Coleman may have is a purely personal one which cannot be invoked by or on behalf of Gold Depository.
Accordingly, the application to quash the subpoena duces tecum is denied and the petition is dismissed.